## GOLDEN v COLUMBUS (city)

Ohio Appeals, 2nd Dist, Franklin Co

No 2510. Decided March 28, 1935

Benjamin F. Levinson, Columbus, for plaintiff in error.
J. L. Davies, City Attorney, Columbus, and Don Wiper, Special Counsel, Columbus, for defendant in error.

## OPINION

By KUNKLE, PJ.

If the construction urged by the defendant is correct. then the court properly sustained the motion for judgment on the pleadings.

Counsel have favored the court with unusually exhaustive briefs, in which many authorities are cited and discussed in detail.

We have considered these briefs with care, but shall not undertake an extended discussion of the authorities so cited, but will merely announce the conclusion at which we have arrived after an examination of such authorities.

There has also been filed with us the written opinion of Judge Reynolds of the Court of Common Pleas, in which the pertinent facts are stated and a number of controlling decisions are cited and discussed. We think this deed speaks for itself and discloses that the plaintiff is entitled to remove, within the time and under the terms specified in the reservation; stone from the premises.

The reservation recites that he is entitled "to remove stone from the premises." Not necessarily all of the stone nor any particular portion thereof, but the right to remove stone. The City does not question his right to remove stone during the time and in the manner specified in the reservation.

The plaintiff, however, seeks to recover damages in the sum of $14,000.00 and to enjoin the City from further removal of the stone until such time as he will be able to sell his said stone to the best advantage and receive what the same is reasonably worth, etc., etc.

The rights of the parties must be determined by the deed in question, and as above stated we think the deed speaks for itself.

It is unambiguous and therefore not susceptible of being modified by oral testimony It is a warranty deed in fee simple in which the plaintiff as the grantor in the granting clause grants, bargains, sells and conveys to the defendant the real estate described by metes and bounds.

Our consideration of the authorities leads us to the same conclusion as that which was reached by the trial court and the judgment of the lower court will be affirmed for the reasons stated in more or less detail in the written opinion of Judge Reynolds.

BARNES and HORNBECK, JJ, concur.